1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10   DC-3 ENTERTAINMENT, LLLP, a Florida
     Limited Liability Limited Partnership,

11                          Plaintiff and Counterclaim          CASE NO. C04-2374C
                            Defendant,
12                                                              ORDER

13            v.

14   JOHN GALT ENTERTAINMENT, INC., a
     California corporation; DAVID
15   KERSHENBAUM and TIMMI DEROSA
     KERSHENBAUM, husband and wife and the
16   marital community composed thereof,

17                          Defendants and
                            Counterclaim Plaintiffs.

18

19        This matter comes before the Court on Plaintiff's motion for substitution of parties (Dkt. No. 63).

20   The Court has carefully reviewed the materials submitted by the parties, and for the following reasons,

21   GRANTS Plaintiff's motion to substitute DC3 Entertainment, LLC ("DC3 LLC") for DC-3

22   Entertainment, LLLP ("DC-3") as Plaintiff and Counterclaim Defendant in this action.

23        The underlying dispute concerns a series of agreements related to the development of a debut

24   album by recording artist Brian Judah, and to the business relationship between the parties.  The suit

25   commenced on November 24, 2004.   On April 28, 2005, Jonathan Phelps, chief executive officer and

26   ORDER – 1

1   general partner of DC-3 LLLP, as well as Third-Party Defendant, completed an "Assignment Agreement"

2   transferring all "assets, liabilities, obligations, interests, contracts and claims of DC-3 LLLP at issue in the

3   present action" to the newly formed DC3 LLC.  (Decl. of Jonathan Phelps, ex. A.)   Plaintiff now seeks

4   to substitute DC3 LLC for DC-3 LLLP as the Plaintiff and Counterclaim Defendant in this action.

5          Federal Rule of Civil Procedure 25(c) states, "[i]n case of any transfer of interest, the action may

6   be continued by or against the original party, unless the court upon motion directs the person to whom

7   the interest is transferred to be substituted in the action or joined with the original party."  Rule 25(c) is

8   merely a procedural device designed to facilitate the conduct of the case, and does not alter the

9   substantive rights of the parties or the transferee.  See Luxliner P.L. Export Co. v. RDI/Luxliner, Inc., 13

10  F.3d 69, 71-72 (3rd Cir. 1993).  Substitution is usually appropriate in situations involving corporate

11  mergers or acquisitions or other transfers in which one corporation ceases to exist and another entity has

12  taken over its rights and obligations.  United States ex rel. Acme Granite & Tile Co. v. F.D. Rich Co.,

13  437 F.2d 549, 552 (9th Cir. 1970).  Whether substitution or joinder is appropriate is within the discretion

14  of the trial court.  See, FED. R. CIV. P. 25(C), Educational Credit Mgmt. Corp. v. Bernal, 207 F. 3d 595,

15  598 (9th Cir. 2000).

16         After reviewing the materials submitted by the parties, the Court has determined that DC3 LLC

17  has assumed the rights and obligations of DC-3 LLLP.  Accordingly, the Court GRANTS Plaintiff's

18  motion for substitution, and substitutes DC3 LLC for DC-3 LLLP as the Plaintiff and Counterclaim

19  Defendant in this action.

20         SO ORDERED this _7th_ day of June, 2005.

21

22  _____
    UNITED STATES DISTRICT JUDGE

23

24

25

26  ORDER – 2