UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DC3 ENTERTAINMENT, LLC, a Washington limited liability company,

Plaintiff and Counterclaim Defendant,

v.

JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof,

Defendants and Counterclaim Plaintiffs.

---

JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof,

Third-Party Plaintiffs,

v.

JONATHAN PHELPS and ESTHER PHELPS, husband and wife and the marital community composed thereof,

Third-Party Defendants.

CASE NO. C04-2374C

ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery (Dkt. No. 72). The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. The Court hereby finds and rules as follows.

## I. BACKGROUND

The underlying dispute concerns a series of agreements related to the development of a debut album by recording artist Brian Judah, and to the business relationship between the parties. Specifically relevant to the instant motion is the parties' October 2003 oral agreement that DC-3 Entertainment ("DC-3") would hire David and Timmi Kershenbaum to develop and produce other artists for DC-3, make them co-presidents of DC-3, and pay them a salary of $83,333.33 a month, on a month to month basis. The parties never reduced this agreement to writing, and there is no choice of law provision in the oral agreement. Plaintiff DC-3 subsequently filed suit against Defendants alleging breach of contract and related claims. Defendants counterclaimed for breach of contract and discrimination on the basis of religion and sex.

On February 25, 2005, Plaintiff served Defendants with discovery requests requiring production of the Kershenbaums' tax records from 2003 to present (Requests for Production (hereinafter, "RFP") Nos. 2, 3) and John Galt Entertainment's and the Kershenbaums' telephone records of calls relating to Plaintiff or its business (RFP Nos. 8, 15, 16). Defendants answered with objections and, over the next several months, the parties informally attempted to resolve their differences.[1] When the informal process failed, Plaintiff filed this motion to compel production of the five contested RFP.

## II. STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense. . . Relevant information need not be admissible at the

[1] The parties discussed these discovery issues numerous times, including a telephone "Meet and Confer" conference, in compliance with the Federal Rule of Civil Procedure 37(a)(2) requirement that the movant attempt in good faith to solve the problem without court intervention.

trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In order to reduce the element of surprise and facilitate settlement, courts liberally construe pretrial discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

**II. TAX RETURNS**

Plaintiff alleges that the Kershenbaums' individual tax returns are necessary to show the existence of income derived from their alleged diversion of DC-3's business opportunities. The parties do not seem to contest that the Kershenbaums' tax returns are relevant to Plaintiff's Third and Fourth Causes of Action. Despite their relevance, however, it is less clear whether these tax returns are discoverable.

State law governs diversity cases. *See generally*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Washington courts apply the choice of law analysis set out in the Restatement Second of Conflicts. *Fluke Corp. v. Hartford Accident & Indem. Co.*, 34 P.3d 809, 815 (Wash. 2001). Accordingly, they will not engage in a conflicts analysis unless the party asserting the law of a foreign jurisdiction first shows that the law of that jurisdiction is fundamentally incompatible. *Burnside v. Simpson Paper Co.*, 864 P.2d 937, 941 (Wash. 1994). Washington and California differ on the existence of a tax return privilege. The California Supreme Court established a tax return privilege to protect federal and state tax returns from disclosure. *Webb v. Standard Oil Co. of Cal.*, 319 P.2d 621, 624 (Cal. 1958). In Washington, on the other hand, relevant tax returns are discoverable. *Tran v. State Farm Fire and Cas. Co.*, 961 P.2d 358, 364 (Wash. 1998).

Plaintiff asserts that Washington law applies to the creation and performance of the oral contract its says forms the basis of the relevant causes of action. Thus, Plaintiff argues, Defendants' tax returns are properly discoverable. Defendants respond by pointing to California as the state where most of the activities at issue occurred. Consequently, Defendants say California law applies and the tax returns are privileged. Since the laws of both jurisdictions are fundamentally incompatible, the Court must first perform a choice of law analysis to arrive at the relevant law applicable to the question of whether the tax returns are properly discoverable.

In the absence of an effective choice-of-law provision the validity and effect of a contract are governed by the law of the state having the most significant relationship with the contract. *Baffin Land Corp. v. Monticello Motor Inn, Inc.*, 425 P.2d 623, 627 (Wash. 1967); Restatement (Second) of Conflict of Laws § 188 (1971) (hereinafter, "Restatement"). The Court must take into account the following contacts: "(a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Restatement § 188. "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id*.

The Court finds that the balance of these factors favors Plaintiff. Plaintiff is a Washington limited liability company with its principal place of business in Seattle, where the company's two members also reside. Defendant John Galt Entertainment is a California corporation and David and Timmi Kershenbaum are both California residents. Thus, the fifth factor favors neither Plaintiff nor Defendants. Similarly, both parties' assertions that they expected the law of their respective domiciles to apply to the oral agreement is clearly self-serving and does not assist the Court in addressing this issue. More importantly, however, is the fact that the parties confirm that the oral agreement, by which the Kershenbaums became co-presidents of DC-3, was discussed and negotiated, and ultimately entered into in Washington. Although performance of the oral agreement appears to have taken part primarily in California, Defendants did occasionally travel to Washington for meetings. The two factors, combined with the fact that one of the Kershenbaums' main duties as co-presidents was to generate new business for the Washington company DC-3, convince the Court that Washington law shall apply to discovery of the Kershenbaums' tax returns.[2] These documents are relevant to the dispute and are discoverable under Washington law. They must be produced.

---

[2] The Court emphasizes that this choice of law ruling is limited to the discovery dispute at hand.

**IV. PHONE RECORDS**

Plaintiff also moves to compel responses to the requests for Defendants' phone records for outbound calls relating to Plaintiff or its business. These records are relevant to the allegations of usurpation of corporate opportunities and harassment. Defendants do not deny the requests are relevant. Instead, they argue that the requests are burdensome, oppressive, and too broad.

Federal Rule of Civil Procedure 26(b)(2) limits discovery upon a showing that the information is obtainable from a less burdensome source or the burden outweighs the benefit. There is no suggestion that Plaintiff could obtain the information from a different source. Therefore, the Court must weight various factors to assess whether the burdens outweighs the benefits.[3] The factors favor Plaintiff because the phone records are one of the limited ways to resolve the usurpation allegation. The burden of identifying the phone calls is requisite to the nature of the litigation. Both parties potentially benefit through the exchange of the information which could lead to an early resolution of this issue. Finally, the request is not overly broad because there is no other way to tailor the request and still discover the potentially relevant information. Again, the Court finds that these documents are relevant and must be produced.

**V. CONCLUSION**

Plaintiff's Motion to Compel is hereby GRANTED with respect to Plaintiff's Requests for Production Numbers 2 and 3, and Requests for Production Numbers 8, 15, and 16. Defendants shall produce this discovery within fourteen (14) days of the date of entry of this Order.

SO ORDERED this 2nd day of August, 2005.

UNITED STATES DISTRICT JUDGE

[3] These factors include the needs of the case, the amount in controversy, the importance of the issue at stake, and the importance of the discovery in resolving the issue. Fed. R. Civ. P. 26(b)(2).