UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DC3 ENTERTAINMENT, LLC, a Washington limited liability company, | |
| Plaintiff and Counterclaim Defendant, | CASE NO. C04-2374C |
| v. | ORDER |
| JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof, | |
| Defendants and Counterclaim Plaintiffs. | |
| JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof, | |
| Third-Party Plaintiffs, | |
| v. | |
| JONATHAN PHELPS and ESTHER PHELPS, husband and wife and the marital community composed thereof, | |
| Third-Party Defendants. | |

ORDER – 1

This matter comes before the Court on Plaintiff's and Third-Party Defendants' Second Motion to Compel Discovery from Defendants (Dkt. No. 88). The Court has considered the papers submitted regarding this motion and determined that oral argument is not necessary. The Court hereby GRANTS the motion and rules as follows.

**I. BACKGROUND**

The underlying dispute concerns a series of agreements related to the development of a debut album by recording artist Brian Judah, as well as the business relationship between the parties. Plaintiff's First Amended and Supplemental Complaint (Dkt. No. 14) alleged claims for declaratory judgment, breach of contract, breach of a covenant of good faith and fair dealing, breach of fiduciary duty, and injunctive relief in connection with Plaintiff's relationship with Defendants, particularly David Kershenbaum and Timmi DeRosa Kershenbaum. Defendants counterclaimed for breach of contract, an accounting of royalties, establishment of a constructive trust, discrimination, harassment, retaliation, and wrongful termination; they also claimed against Third-Party Defendants for an accounting of royalties, establishment of a constructive trust, harassment, and retaliation. (Dkt. No. 18.) The parties are currently active in discovery. Depositions began in late July. Specifically relevant to the instant motion are the deposition of Defendant Timmi DeRosa Kershenbaum, taken on July 25 and 26, 2005, and a written request for production directed to Defendants and sent by Plaintiff and Third-Party Defendants on August 4, 2005.

During Ms. Kershenbaum's deposition she repeatedly referred to a band in North or South Carolina, with which Defendants currently are negotiating or communicating. In the instant motion, Plaintiff and Third-Party Defendants point out multiple references by Ms. Kershenbaum to said band. (Pl.'s & Third-Party Defs.' Second Mot. Compel 2–3.) However, upon questioning by Plaintiff's and Third-Party Defendants' Counsel, Ms. Kershenbaum repeatedly refused to name the band she had referenced earlier in the deposition. (*Id.* at 3.) She refused to answer against her own Counsel's advice, and asserted no privilege as a justification. (*Id.* at 3–4.)

ORDER – 2

1  The following week, on August 4, 2005, Plaintiff's and Third-Party Defendants' Counsel (Mr. Lewis) sent a letter to Defendants' Counsel (Mr. Stone) again requesting that Ms. Kershenbaum "identify the group from North or South Carolina that she had refused to name under oath." (*Id.* at 3–4; Pl.'s & Third-Party Defs.' Second Mot. Compel, Furman Decl. Ex. 2, at 2.) Defendants also failed to respond to this written request. (Pl.'s & Third-Party Defs.' Second Mot. Compel 4.) After two more weeks without any response from the Defendants, Plaintiff and Third-Party Defendants filed this motion on August 18, 2005, seeking an order compelling Ms. Kershenbaum to reveal the name of the band and awarding attorney's fees incurred in filing the motion. Defendants filed nothing in opposition to the motion to compel. Plaintiff and Third-Party Defendants replied, arguing that Defendants' lack of response should be treated as an admission that the motion has merit under Local Rule W.D. Wash. CR 7(b)(2). (*See* Pl.'s & Third-Party Defs.' Reply in Support of Second Mot. Compel (Dkt. No. 92).)

## II. ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, *including . . . the identity and location of persons having knowledge of any discoverable matter.* For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1) (emphasis added). In order to reduce the element of surprise and facilitate settlement, courts liberally construe pretrial discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Thus, the identity and location of the band that Plaintiff and Third-Party Defendants request must be relevant and non-privileged if that information is to be discoverable.

In their motion, Plaintiff and Third-Party Defendants argue that the "identity of the band that has received songwriting instruction from Defendant [Ms.] Kershenbaum, that she has co-written songs with, that has generated income for Defendant Galt Entertainment, and that is currently in negotiations for a production contract with Defendants is indisputably relevant to the subject matter of this litigation." Indeed, nowhere have Defendants disputed this assertion of relevance. Nor have they claimed any

ORDER – 3

privilege that would justify their refusal to produce the requested information. Given the recording-contract nature of the underlying litigation and the specific claims for relief that stem from the parties' business relationship, the name of the band in North or South Carolina at issue here is clearly relevant, and no identifiable privilege prevents its disclosure. Moreover, Defendants' absolute silence—illustrated by a lack of any relevance- or privilege-based objections during the deposition, a failure to object to the subsequent written request, and, notably, Defendants' lack of response to this motion to compel[1]—reinforces to this Court that the requested information is discoverable. Therefore, the Plaintiff's and Third-Party Defendants' motion to compel disclosure of the name of the band is GRANTED.

Not only is the name of the band discoverable, but Ms. Kershenbaum's refusal to disclose it merits the sanctions that Plaintiff and Third-Party Defendants request. The Federal Rules of Civil Procedure provide for sanctions, including reasonable attorney's fees, if a motion to compel disclosure or discovery is granted, as here. FED. R. CIV. P. 37(a)(4)(A). The circumstances of this dispute, particularly Ms. Kershenbaum's considerable resistance to discovery without good cause, warrant such a fee award. To wit:

It has been established that Ms. Kershenbaum mentioned the band at issue here several times during her deposition. *See supra* p. 2. The Court also notes that Ms. Kershenbaum specifically said, under oath, that she did not "remember" the name of the "group from either South Carolina or North Carolina." (Pl.'s & Third-Party Defs.' Second Mot. Compel, Furman Decl. Ex. 1 at v.1, 24:4–6.) Later in the deposition, she again stated she could not remember the name of the band: ". . . with songwriting I also taught the band in North Carolina, the one that—I think it was North Carolina. I can't remember." (*Id.* at v.1, 133:18–20.)

Despite these statements that she could not remember the name or location of the band, when

---

[1] "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2).

ORDER – 4

pressed, Ms. Kershenbaum subsequently stated otherwise.  After examining Counsel (Mr. Lewis) asked for the name of the band, Ms. Kershenbaum sought advice from her lawyer (Mr. Stone) who said, "you have to tell him." (*Id.* at v.2, 234:21.)  Ms. Kershenbaum responded with "Well, I just—I just don't *want* them contacting." (*Id.* at v.2, 234:22–23 (emphasis added).)  Far from "not remembering" the name of the band, Ms. Kershenbaum thus revealed that she was in fact just keeping it to herself.

Ms. Kershenbaum's reason for not revealing the name of the band appears to be related to her interest in keeping potential clients' identities secret from her competitors, the Plaintiff (DC-3 Entertainment, LLC) and the Third-Party Defendants (Jonathan and Esther Phelps).[2]  (*See* Pl.'s & Third-Party Defs.' Second Mot. Compel, Furman Decl. Ex. 1 at v.2, 235:7–236:24; 238:16–20.)  However, Ms. Kershenbaum remained unsatisfied with Counsel's joint attempt to address this concern via a stipulation that would give Defendants notice of any contact with the unnamed band by the Plaintiff and Third-Party Defendants for business solicitation purposes. (*See id.* at v.2, 235:18–239:20.)  In fact, the parties did reach a stipulation to this effect during the course of the deposition.  The stipulation allowed Plaintiff and Third-Party Defendants to contact the band for purposes of this litigation without any notice, but required 20 days' written notice if contact would be for business solicitation. (*Id.* at v.2, 238:1–14.)  Ms. Kershenbaum would have preferred that the Plaintiff and Third-Party Defendants not be allowed to contact the band for business solicitation *regardless* of any notice, and she accordingly refused to answer the question, despite the stipulation and her Counsel's advice that she had to answer in light of the stipulation. (*Id.* at v.2, 238:16–239:20.)

Ms. Kershenbaum also made it clear on three occasions that instead of answering the question about the name of the band during her deposition, she preferred making the opposing side get an order from this Court to compel her answer.  During the discussion between Counsel about the stipulation, *see*

---

[2] Jonathan and Esther Phelps own DC-3 Entertainment and Jonathan Phelps is its CEO. (Defendants' Answer, Defenses and Affirmative Defenses, Counterclaims, and Third-Party Plaintiff Claims 20 (Dkt. No. 18); Plaintiff's and Third-Party Defendants' Answer to Defendants' Counterclaims and Third-Party Plaintiff Claims 9 (Dkt. No. 36).)

ORDER – 5

*supra*, Ms. Kershenbaum insisted, "I would rather not say [the name of the band] and you—I mean, as far as I'm concerned, get a judge's—get—because this is—this band is really hot, and I don't trust [the Phelpses] whatsoever." (*Id.* at v.2, 236:14–18.) Then, after the stipulation was in effect, Ms. Kershenbaum's Counsel Mr. Stone said, "Here's your choice . . . . If you don't want to answer, don't answer, and they'll go in and get an order. . . . my opinion is that you have to answer. . . based on our stipulation" (*Id.* at v.2, 238:21–239:2.) Ms. Kershenbaum maintained that she would "rather not answer." (*Id.* at v.2, 239:1, 239:4.) Then again, on the record, her Counsel Mr. Stone said, "If she chooses not to answer and she chooses to have a Court make a decision, I can't—I can't stop that. My instruction to her is that she should answer because we have a stipulation." (*Id.* at v.2, 239:10–12.) The examiner Mr. Lewis asked if she was "refusing to answer despite . . . Counsel's advice," to which she said "Yes, I am." (*Id.* at v.2, 239:18–20.)

Ms. Kershenbaum's request for a court order has been granted. Further, because she caused unnecessary expense to Plaintiff and Third-Party Defendants, who had to file this motion, the Plaintiff's and Third-Party Defendants' request for reasonable attorney's fees incurred in filing this motion is GRANTED.[3]

### III. CONCLUSION

Plaintiff's and Third-Party Defendants' Second Motion to Compel Discovery from Defendants is hereby GRANTED. Within five (5) days of the entry of this Order, Defendants shall produce to Plaintiff and Third-Party Defendants:

(1) The name of the band in North or South Carolina that Defendants currently are in communications and/or negotiations with and that Ms. Kershenbaum refused to identify during her July 25 and 26, 2005

---

[3] The original motion contained a request for $2,450.00, representing a total of 14 hours, 5 of which were anticipated as necessary to reply to Defendants' response. Since Defendants did not respond, Plaintiff and Third-Party Defendants adjusted their fee request in their reply to $1,837.50, representing a total of 10.5 hours. (*See* Pl.'s & Third-Party Defs.' Second Mot. Compel, Furman Decl. 2; Pl.'s & Third-Party Defs.' Reply in Support of Second Mot. Compel, Furman Decl. 2.)

ORDER – 6

deposition; and

(2) The location of said band, including whether it is in North Carolina or South Carolina.

Plaintiff's and Third-Party Defendants' request for reasonable attorney's fees is hereby GRANTED, and Defendants shall cause to be paid to Plaintiff and Third-Party Defendants $1,837.50 as compensation for the fees incurred in filing this Second Motion to Compel.

SO ORDERED this 27th day of September, 2005.

John C. Coughenour

United States District Judge

ORDER – 7