UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DC3 ENTERTAINMENT, LLC, a Washington limited liability company, | |
| Plaintiff and Counterclaim Defendant, | CASE NO. C04-2374C |
| v. | ORDER |
| JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof, | |
| Defendants and Counterclaim Plaintiffs. | |
| JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof, | |
| Third-Party Plaintiffs, | |
| v. | |
| JONATHAN PHELPS and ESTHER PHELPS, husband and wife and the marital community composed thereof, | |
| Third-Party Defendants. | |

ORDER – 1

1  This matter comes before the Court on Plaintiff's and Third-Party Defendants' Motion for
2  Sanctions Against Defendants for Failure To Comply with Discovery Orders (Dkt. No. 107) ("Pl.'s
3  Mot."), Defendants' Opposition (Dkt. No. 119) ("Defs.' Opp'n"), Plaintiff's and Third-Party Defendants'
4  Reply in support of their motion (Dkt. No. 123) ("Pl.'s Reply"), and Defendants' Amended Opposition
5  (Dkt. No. 149) ("Defs.' Am. Opp'n").  The Court has considered all of the papers submitted regarding
6  this motion and determined that oral argument is not necessary.  The Court hereby GRANTS IN PART
7  and DENIES IN PART the motion and rules as follows.

**I. BACKGROUND**

The underlying dispute concerns a series of agreements related to the development of a debut album by recording artist Brian Judah, as well as the business relationship between the parties. Plaintiff's First Amended and Supplemental Complaint (Dkt. No. 14) alleged claims for declaratory judgment, breach of contract, breach of a covenant of good faith and fair dealing, breach of fiduciary duty, and injunctive relief in connection with Plaintiff's relationship with Defendants, particularly David Kershenbaum and Timmi DeRosa Kershenbaum. Defendants counterclaimed for breach of contract, an accounting of royalties, establishment of a constructive trust, discrimination, harassment, retaliation, and wrongful termination; they also claimed against Third-Party Defendants for an accounting of royalties, establishment of a constructive trust, harassment, and retaliation. (Dkt. No. 18.)

Specifically relevant to the instant motion are two Orders entered by this Court granting Plaintiff's and Third-Party Defendants' First and Second Motions to Compel. The first Order is dated August 2, 2005 (Dkt. No. 87) and ordered production of certain of Defendants' tax records and telephone records. The second Order is dated September 27, 2005 (Dkt. No. 95) and ordered Defendants' disclosure of a band's name and location and granted attorney's fees. The instant motion seeks full compliance with these Orders and sanctions for the alleged noncompliance.

//

//

ORDER – 2

## II. ANALYSIS

Federal Rule of Civil Procedure 37(b)(2) provides that the Court may impose a variety of sanctions for failure to comply with an order. Under this rule, the Court has broad discretion to impose appropriate sanctions, including attorney's fees for the costs of bringing the motion for sanctions. The Court also has the inherent power to impose sanctions under a variety of circumstances.

### A. August 2, 2005 Order

Plaintiff's and Third-Party Defendants' first request relates to the phone records and tax records that were ordered produced by this Court on August 2, 2005. This Court's Order found that Defendants Timmi DeRosa and David Kershenbaum's tax records from 2003 to the present are relevant and discoverable under Washington law. (Order (Dkt. No. 87) 3–4.) The Order also found that Defendants' phone records for outbound calls relating to Plaintiff or its business are relevant and discoverable. (*Id.* at 5.)

Plaintiff and Third-Party Defendants now allege that, despite production of some tax records and phone records in response to the August 2, 2005 Order, Defendants failed to produce their 2004 tax returns or various phone records for Sprint, AT&T Wireless, Verizon, SBC, Adelphia, and Nextel. (Pl.'s Mot. 3.) Defendants did not respond to a September 14, 2005 request to comply in full. Apparently, this failure to respond was due to Defendants' belief that they had, in fact, complied to an adequate degree. (Def.'s Opp'n 2.) Specifically, Defendants state that they had not filed 2004 tax returns at the time of the August 2, 2005 Order, but now have done so and "will produce a copy." (*Id.*) However, they offer no explanation as to why this was not communicated to Plaintiff and Third-Party Defendants before they brought this motion. Further, in their Reply, Plaintiff and Third-Party Defendants state that between Defendant Timmi DeRosa Kershenbaum's October 20, 2005 Declaration regarding the instant motion and the filing of the October 27, 2005 Reply, the tax records for 2004 still had not been produced. (Pl.'s Reply 2–3.)

//

ORDER – 3

The Court finds that Defendants failed to supplement production of their tax records in a timely manner. Such failure was in violation of the Court's August 2, 2005 Order, as well as the general supplementation duty of Rule 26(e), and is evidenced as follows. First, Defendants appear to have failed to promptly supplement production before Plaintiff and Third-Party Defendants filed the instant motion. But even giving Defendants the benefit of the doubt on this first delay (perhaps production was not possible up through the date that the instant motion was filed because the tax returns had not been filed as of October 12, 2005), Defendants' failure is further evidenced by the gap of at least seven days between Defendant Kershenbaum's Declaration that 2004 tax returns *had* been filed and Plaintiff's and Third-Party Defendants' Reply stating that they still had not received the documents. It is unclear whether these tax returns have yet been produced.[1] If not, the 2004 tax returns must be produced. However, even if they have been produced as of the date of this Order, Defendants' failure to *promptly supplement* court-ordered discovery when they clearly could have and should have is sanctionable.

As to the phone records, Defendants give a company-by-company response to the request and claim that they have complied in full with the phone records portion of the Order already. Specifically, they state that (1) Sprint records were produced; (2) the AT&T Wireless line was disconnected on April 29, 2004 and they no longer have those bills; (3) Verizon was for internet, not phone; (4) SBC was a landline servicing their Beverly Glen Drive house in Los Angeles where Defendant Timmi DeRosa Kershenbaum's father James DeRosa lived before he passed away in February 2004 and he had maintained and paid that bill; (5) Adelphia was for cable, not phone; and (6) Nextel was the provider for a cell phone purchased for Defendants by James DeRosa, who maintained the records, and this phone was not used during the time Defendants knew Third-Party Defendants. (Defs.' Opp'n 3.) Plaintiff and Third-Party Defendants dispute the phone record responses as to SBC and Sprint. (Pl.'s Reply 3–5).

---

[1] Defendants' November 14, 2005 Amended Opposition states that "with respect to the August 2, 2005 Order . . . the documents have been produced either by Defendants or their accountants." (Defs.' Am. Opp'n 2.) Presumably this refers to the 2004 tax returns, but it is not clear that Defendants have fully complied because they do not specifically state what was produced.

ORDER – 4

1  The most the Court can find is that the parameters of the relevant phone records are murky. Still,
2  Defendants have exhibited a seeming lack of effort in regard to producing a complete set. The records,
3  though maybe not in Defendants' physical possession, may exist *somewhere*—such as in the computer
4  systems of the companies involved. Defendants now must fully supplement production of phone records
5  ordered discoverable on August 2, 2005. Specifically, Defendants must try again with regard to the SBC
6  bills and the Sprint bills, in response to the arguments raised by Plaintiff and Third-Party Defendants in
7  their motion papers. Further, all phone numbers identified in Plaintiff's and Third-Party Defendants'
8  Reply (at 3–5) shall be accounted for in the new search and supplemental responses. The foregoing
9  specifics shall not be taken as a limitation on the scope of this Order—full supplementation of all
10 discoverable phone records is required.

**B.  September 27, 2005 Order**

The second request in the instant motion relates to the identification of a band and the attorney's fees ordered by this Court on September 27, 2005. Defendants finally provided the name of the band and its location in their papers filed on October 24, 2005 in response to the instant motion. (Defs.' Opp'n 3.) The portion of Plaintiff's and Third-Party Defendants' motion seeking that information is now moot. However, as Plaintiff and Third-Party Defendants point out, it took this motion for sanctions to get Defendants to comply with the Court's Order to disclose that information (which was ordered to be disclosed within five days). Defendants "offer no excuse" for the delay. (Defs.' Am. Opp'n 2.) Such delay is sanctionable.

As to payment of attorney's fees, Plaintiff and Third-Party Defendants strenuously argue in their motion papers that payment is due immediately. They have misread the Court's Order. It said:

> Plaintiff's and Third-Party Defendants' Second Motion to Compel Discovery from Defendants is hereby GRANTED. Within five (5) days of the entry of this Order, Defendants shall produce to Plaintiff and Third-Party Defendants:
> (1) The name of the band in North or South Carolina that Defendants currently are in communications and/or negotiations with and that Ms. Kershenbaum refused to identify during her July 25 and 26, 2005 deposition; and
> (2) The location of said band, including whether it is in North Carolina or South Carolina.
> Plaintiff's and Third-Party Defendants' request for reasonable attorney's fees is

ORDER – 5

hereby GRANTED, and Defendants shall cause to be paid to Plaintiff and Third-Party Defendants $1,837.50 as compensation for the fees incurred in filing this Second Motion to Compel.

(Order (Dkt. No. 95) 6–7.) Thus, there are two distinct paragraphs that make up the Order's Conclusion section. The first relates to the information to be disclosed and contains the five-day deadline. The second relates to the attorney's fees and contains no deadline. Defendants are correct that the amount due may remain unpaid, collecting interest, until it is merged into the final judgment in this case. The Court declines to order otherwise.

**C. Sanctions**

As outlined above, the Court finds that Defendants' failure to promptly produce their 2004 tax returns and Defendants' failure to promptly comply with this Court's Order regarding disclosure of the name of the band in North Carolina are both sanctionable. However, Defendants' failure to pay attorney's fees within five days was substantially justified because they had no duty to do so, and Plaintiff's and Third-Party Defendants' motion for prompt payment must be denied. Finally, Defendants' production of phone records, while not ideal and probably not complete, does not rise to a sanctionable offense, because the scope of records involved remains to be determined upon the Defendants' further review of their records and inquiry with their phone companies. However, Defendants are again reminded that when they do supplement this court-ordered discovery, the phone records produced are to be complete.

On balance, Defendants have exhibited a general neglect of their duties under the discovery rules, particularly Rules 26(e) and 37(b). They have delayed in responding to discovery requests without justification and they have forced the opposing parties to come to the Court for relief more than once for similar behavior. They have then failed to comply with Orders of this Court (regarding the band in North Carolina and the 2004 tax returns) without justification. The Court is dismayed at Defendants' behavior and accordingly GRANTS IN PART the motion for sanctions. Specifically, the motion for attorney's fees incurred in bringing the instant motion ($2,782.50) is granted. But for Defendants' unjustified failure

ORDER – 6

to comply with Orders of this Court that granted motions to compel, the motion for sanctions would have been unnecessary. However, due to the fact that two of the four issues in this motion were either unclear (phone records) or grounds for justifiable dispute (prompt payment of previously ordered attorney's fees), the Court declines to issue further sanctions at this time. Defendants are advised that any further evasive behavior or undue delay in responding to discovery or complying with court orders may well warrant more severe sanctions, including any of the array authorized under Rule 37(b).

Finally, Defendants are not alone in their resistance to discovery—Plaintiff and Third-Party Defendants also have demonstrated less than complete adherence to the dictates of Rule 26. (*See* Order (Dkt. No. 215).) The Court expects good faith efforts in discovery from both sides, and advises all parties to step up their diligence in responding to and supplementing discovery. The Court further notes that there are currently *three additional* motions to compel pending in this case. Without addressing the merits of those motions, the parties are advised to review the subject matter therein and consider carefully whether their respective positions are consistent with Rules 26(g) and 37(c).

### III. CONCLUSION

For the reasons set forth in this Order, Plaintiff's and Third-Party Defendants' motion is hereby GRANTED IN PART and DENIED IN PART, as follows:

(1) Plaintiff's and Third-Party Defendants' motion to compel production of Defendants' 2004 tax returns is GRANTED. Such returns must be produced within three (3) days of the date of this Order if not already produced.

(2) Plaintiff's and Third-Party Defendants' motion to compel supplementation of Defendants' telephone records is GRANTED. Supplemental responses regarding such records must be produced, as outlined in this Order, within ten (10) days of the date of this Order.

(3) Plaintiff's and Third-Party Defendants' motion for monetary sanctions is GRANTED IN PART and DENIED IN PART. The Court finds that Defendants' delay in producing their 2004 tax returns and Defendants' delay in disclosing the name of the band in North Carolina are sanctionable. The

ORDER – 7

motion for attorney's fees in the amount of $2,782.50 is GRANTED. The motion for further sanctions is DENIED.

SO ORDERED this 6th day of December, 2005.

*[signature: John C. Coughenour]*

John C. Coughenour

United States District Judge

ORDER – 8