1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DC3 ENTERTAINMENT, LLC, a Washington limited liability company,

    Plaintiff and Counterclaim Defendant,

    v.

JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof,

    Defendants and Counterclaim Plaintiffs.

_____

JOHN GALT ENTERTAINMENT, INC., a California corporation; DAVID KERSHENBAUM and TIMMI DEROSA KERSHENBAUM, husband and wife and the marital community composed thereof,

    Third-Party Plaintiffs,

    v.

JONATHAN PHELPS and ESTHER PHELPS, husband and wife and the marital community composed thereof,

    Third-Party Defendants.

CASE NO. C04-2374C

ORDER

ORDER – 1

This matter comes before the Court on Defendants' Application for Consent to File Late Oppositions to Plaintiff's and Third-Party Defendants' Motion for Leave to File Amended Complaint, Motion for Extension of Time To Conduct Depositions, and Fourth Motion to Compel (Dkt. No. 146); Defendants' Amended motion for the same (Dkt. No. 154); Plaintiff's and Third-Party Defendants' Opposition thereto (Dkt. No. 168); and Defendants' Reply thereto (Dkt. No. 173). Defendants' request to file a late opposition to the Fourth Motion to Compel has been withdrawn as moot (Reply 2), so requests remain only as to Defendants' oppositions to (1) the Motion for Leave to File Amended Complaint and (2) the Motion for Extension of Time To Conduct Depositions. The Court has considered all of the papers submitted regarding the motion for extension of time and determined that oral argument is not necessary. The Court hereby GRANTS Defendants leave to file the late oppositions and rules as follows.

Under Federal Rule of Civil Procedure 6(b), the Court may grant extensions to file documents in its discretion, as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the *court for cause shown may at any time in its discretion* (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

FED. R. CIV. P. 6(b) (emphasis added). The instant motion was made after the expiration of the response deadlines (November 9 and November 10, respectively) for the two motions at issue here. Therefore, subsection (2) applies.

Plaintiff and Third-Party Defendants' characterization of events regarding late and incomplete filings by Defendants (both on the motions at issue here as well as in other matters) paints the picture that Defendants are somewhat disorganized and are not paying enough attention to deadlines and details. The Court finds Defendants' lateness and incompleteness disconcerting, and cautions Defendants to be more cognizant of deadlines and to be comprehensive when filing documents and attachments in the future.

ORDER – 2

      Nevertheless, the Court finds Defendants' explanation of their deposition and mediation time constraints satisfactory, such that Defendants' "neglect" may be excused in these instances. The two motions at issue here are "7-day" motions with an already compressed briefing schedule. This short schedule was exacerbated by a federal holiday that fell between the filing of the two motions and their noting dates, which made Defendants' responsive pleadings due on the same dates they would have been without the intervening holiday, but which gave Plaintiff and Third-Party Defendants additional time for their replies. In addition, Plaintiff and Third-Party Defendants did file multiple motions with voluminous attachments in short succession in the month of November. Further, Defendants filed their late oppositions to the motions at issue here the same day as their instant motion for extension of time, and Defendants' late oppositions were filed with the Court by the noting dates for the two motions at issue. Accordingly, the Court finds in its discretion that Defendants' late filings are due to excusable neglect within the meaning of Rule 6(b)(2).

      For these reasons, the Court GRANTS Defendants' motion for leave to file late oppositions to Plaintiff's and Third-Party Defendants' (1) Motion for Leave to File Amended Complaint and (2) Motion for Extension of Time to Conduct Depositions, which oppositions have already been filed.

      Finally, the Court notes that several "Supplemental" and "Amended" filings have been presented to the Court on various matters in this case. All parties are advised to be complete in their initial filings and refrain from supplemental or amended filings unless absolutely necessary.

      SO ORDERED this 8th day of December, 2005.

                                                John C. Coughenour

                                               United States District Judge

ORDER – 3