1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

DC3 ENTERTAINMENT, LLC, a Washington
limited liability company,

11

Plaintiff and Counterclaim Defendant,

CASE NO. C04-2374C

12

v.

ORDER

13

14

15

JOHN GALT ENTERTAINMENT, INC., a
California corporation; DAVID
KERSHENBAUM and TIMMI DEROSA
KERSHENBAUM, husband and wife and the
marital community composed thereof,

16

Defendants and Counterclaim Plaintiffs.

17

_____

18

19

20

JOHN GALT ENTERTAINMENT, INC., a
California corporation; DAVID
KERSHENBAUM and TIMMI DEROSA
KERSHENBAUM, husband and wife and the
marital community composed thereof,

21

Third-Party Plaintiffs,

22

v.

23

24

JONATHAN PHELPS and ESTHER PHELPS,
husband and wife and the marital community
composed thereof,

25

Third-Party Defendants.

26

ORDER – 1

1    This matter comes before the Court on Third-Party Plaintiff Timmi DeRosa Kershenbaum's post-

2  trial motions seeking (1) a new trial pursuant to Federal Rule of Civil Procedure 59(a) (Dkt. No. 340);

3  and (2) a determination that she is the "prevailing party" for purposes of attorneys' fees (Dkt. No. 341).

4  Plaintiff and Third-Party Defendants oppose the motions (Dkt. Nos. 346, 347).  The Court has

5  considered all of the papers submitted and determined that oral argument is not necessary.  The Court

6  hereby DENIES the motions, as follows.

7    This matter came before the Court for a jury trial in July and August of 2006.  The jury returned a

8  50-question verdict form on August 14, 2006.  (Special Verdict (Dkt. No. 333).)  Questions 20 through

9  48 addressed David and Timmi DeRosa Kershenbaum's claims for religious and sexual harassment and

10  discrimination, as well as wrongful and constructive discharge in violation of public policy.  Question 49

11  asked the jury to assess Timmi DeRosa Kershenbaum's damages.  The instant motions are brought by

12  Timmi DeRosa Kershenbaum only.  Her argument for a new trial and a determination that she was a

13  prevailing party centers on the jury's answer to question 32.

14    Question 32 was the first in a series of six questions regarding the conduct of Third-Party

15  Defendant Esther Phelps.  Questions 32 through 34, as marked by the jury, read as follows:

16    32.    Was David Kershenbaum and/or Timmi DeRosa Kershenbaum subjected to unwanted harassing
         conduct because of religion and/or sex by Esther Phelps?

17
      Timmi DeRosa Kershenbaum (religion):    Yes __✔__        No _____

18
      Timmi DeRosa Kershenbaum (sex):        Yes _____        No __✔__

19
      David Kershenbaum (religion):          Yes _____        No __✔__

20
      If your answer to question 32 is "yes" as to any part, then answer question 33 only as to that part
      or those parts.  If you answered "no" to all parts of question 32, skip to question 38.
21

22  //

23  //

24  //

25

26  ORDER – 2

33.    Was the harassment (as found in question 32) so severe, widespread, or persistent that a reasonable person in David Kershenbaum's and/or Timmi DeRosa Kershenbaum's circumstances would have considered the work environment to be hostile or abusive?

Timmi DeRosa Kershenbaum (religion):    Yes _____    No ✔

Timmi DeRosa Kershenbaum (sex):    Yes _____    No _____

David Kershenbaum (religion):    Yes _____    No _____

If your answer to question 33 is "yes" as to any part, then answer question 34 <u>only</u> as to that part or those parts. If you did <u>not</u> answer "yes" to <u>any</u> parts of question 33, skip to question 38.

34.    Did David Kershenbaum and/or Timmi DeRosa Kershenbaum consider the work environment referenced in question 33 to be hostile or abusive?

Timmi DeRosa Kershenbaum (religion):    Yes _____    No _____

Timmi DeRosa Kershenbaum (sex):    Yes _____    No _____

David Kershenbaum (religion):    Yes _____    No _____

If your answer to question 34 is "yes" as to any part, then answer question 35 <u>only</u> as to that part or those parts. If you did <u>not</u> answer "yes" to <u>any</u> parts of question 34, skip to question 38.

(Special Verdict 10.)  Note that a lack of "yes" answers in each question requires skipping to question 38, which is a separate set of questions not at issue here.  Because the jury did not answer "yes" to any part of question 33, it skipped to question 38, as instructed, and continued through the special verdict form.

Question 49 asked the jury to award damages in favor of Timmi DeRosa Kershenbaum and against Esther Phelps *only* if it answered "yes" as to Timmi DeRosa Kershenbaum in response to at least one part of question 37.  (*Id.* at 15.)  Question 37 asked whether the harassment found in question 32 was a "substantial factor in causing harm."  (*Id.* at 11.)  Thus, only if the jury (a) made it as far as question 37—by consecutively answering in the affirmative to at least one part of questions 32, 33, 34, 35, *and* 36—and then (b) answered "yes" to one of question 37's inquiries regarding Timmi DeRosa Kershenbaum, could the jury have awarded *any* damages in question 49 based on conduct by Esther Phelps.  The Court finds that the jury properly followed this carefully crafted decision tree for the following reasons.

ORDER – 3

1   First, the legal basis for the part of the verdict form at issue here was correct under the governing

2   California law.  Jury Instruction 52 corresponds with questions regarding Esther Phelps's conduct toward

3   Timmi DeRosa Kershenbaum.  The instruction, entitled "Hostile Work Environment

4   Harassment—Essential Factual Elements—Individual Defendant," provides in full:

5
        Third-Party Plaintiff Timmi DeRosa Kershenbaum claims that Third-Party Defendants Jonathan
6   Phelps and/or Esther Phelps subjected her to harassment based on her sex and/or her religious beliefs,
    causing a hostile or abusive work environment.  To establish this claim, Timmi DeRosa Kershenbaum
    must prove all of the following:
7   (1)      That Timmi DeRosa Kershenbaum was an employee of DC3 Entertainment or
             was a person providing services pursuant to a contract with DC3 Entertainment;
8   (2)      That Timmi DeRosa Kershenbaum was subjected to unwanted harassing conduct
             because of her sex and/or because she possessed certain religious beliefs;
9   (3)      That the harassing conduct was so severe, widespread, or persistent that a
             reasonable woman and/or a reasonable person who possessed Timmi DeRosa
10           Kershenbaum's religious beliefs in Timmi DeRosa Kershenbaum's circumstances
             would have considered the work environment to be hostile or abusive;
11  (4)      That Timmi DeRosa Kershenbaum considered the work environment to be hostile or abusive;
    (5)      That Jonathan Phelps and/or Esther Phelps participated in the harassing conduct
12           or assisted or encouraged it;
    (6)      That Timmi DeRosa Kershenbaum was harmed; and
13  (7)      That the conduct was a substantial factor in causing Timmi DeRosa Kershenbaum's harm.

14  (Jury Instructions (Dkt. No. 339) No. 52.)  This instruction is practically identical to pattern instruction

15  2522 from the California Civil Jury Instructions.  *See* CACI 2522.  Moreover, Timmi DeRosa

16  Kershenbaum proposed this very instruction, albeit with the omission of element (4).  (*See* Proposed

17  Disputed Jury Instructions (Dkt. No. 304) Defs.' Instr. No. 124 (based on CACI 2522).)  The Court

18  adopted the pattern instruction, including element (4), in light of Timmi DeRosa Kershenbaum's lack of

19  any sound explanation for her omission.  Further, when the Court took exceptions to the Jury

20  Instructions, Timmi DeRosa Kershenbaum did not object to this instruction and its strict adherence to the

21  pattern.  (*See* Transcript (Dkt. No. 360) 1270:12–1277:18 (exceptions taken by the Court);

22  1276:25–1277:7 (counsel for Timmi DeRosa Kershenbaum specifically stating that "we don't have any

23  objections to any of the Court's instructions").)  This instruction clearly requires *all* of the seven elements

24  to be proven in order to establish a claim—*i.e.*, find liability—for harassment.  The instruction specifically

25

26  ORDER – 4

introduces the elements by stating that "[t]o establish this claim, Timmi DeRosa Kershenbaum must prove all of the following." The language and intent is unmistakable. Finding merely one element is not enough.

Second, not only did Timmi DeRosa Kershenbaum fail to object to the relevant and legally correct Jury Instruction, she herself proposed the verdict form language that she now finds problematic. (Third Party Pls.' Proposed Special Verdict (Dkt. No. 323) 7 ("Special Verdict Interrogatory No. 4: Hostile Work Environment of Timmi and David Kershenbaum Against Jonathan and/or Esther Phelps") (submitted to the Court on August 9, 2006).)[1] Here again, the Court adopted pattern special verdict questions in accordance with California law. Questions 32 and 33 are the relevant ones here. They match California Civil Jury Instructions Verdict Form 2507 questions 2 and 3 exactly. *See* CACI VF-2507. In the pattern special verdict form, if a jury finds that harassment occurred in question 2, but then answers "no" to question 3 (regarding the severity, widespread character, and persistence of the harassment found in the previous question), it must stop answering questions in that section and may not award damages. *Id.* at question 3 ("If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form."), question 7 ("What are [*name of plaintiff*]'s damages?"). The questions in the pattern are progressive, each addressing one of the multiple elements of the harassment claim described in Jury Instruction 52. If the jury cannot find *every* element, the claim has not been established, there is no liability, and the jury may not award damages. By design, once the jury fails to find one of the elements, it must stop before it can reach the damages question.

---

[1] Inexplicably, Timmi DeRosa Kershenbaum suggested in her proposed *verdict form* inclusion of question number 4, which corresponds to element (4) of Jury Instruction 52, despite her omission of that element from her proposed *jury instructions*.

ORDER – 5

1

2       Similarly, here, because the jury answered "no" to question 33 (regarding the severity, widespread

3   character, and persistence of the harassment found in the previous question), it was not allowed to

4   continue answering through question 37 (harm), and accordingly was not allowed to award damages in

5   question 49.  Therefore, the jury was correct to award no damages in question 49 even though it found

6   "harassment" by Esther Phelps against Timmi DeRosa Kershenbaum in question 32.

7       Finally, as Jury Instruction 52 makes clear, the "harassment" element alone is insufficient to

8   establish liability under California law.  Rather, a plaintiff must also prove that the harassment was "so

9   severe, widespread, or persistent" that a reasonable person who possessed that plaintiff's religious beliefs

10  and was in that plaintiff's circumstances "would have considered the work environment to be hostile or

11  abusive." (Jury Instruction No. 52, element (3).)  Without such a finding, any findings regarding the

12  plaintiff's subjective belief (element (4)) as well as the remainder of the elements are irrelevant, because a

13  plaintiff must prove *all* elements, not just one.  The jury's finding here of "yes" as to one of many

14  elements to Timmi DeRosa Kershenbaum's harassment claim does not constitute "liability" and a lack of

15  liability precludes damages.  Any other result would be legally incorrect as well as absurd.  Accordingly,

16  Timmi DeRosa Kershenbaum's conclusory statement that "the court found liability against Esther Phelps"

17  is wrong.  Because her entire argument in favor of a new trial and a finding that she is a "prevailing party"

18  rests on this incorrect premise, her motions are meritless.  The Court finds no error in the jury's special

19  verdict, no basis to grant a new trial, and no legal or factual support for a finding that Timmi DeRosa

20  Kershenbaum was a "prevailing party" for the purposes of attorneys' fees.

21

22  //

23  //

24  //

25

26  ORDER – 6

1

   For the foregoing reasons, Timmi DeRosa Kershenbaum's post-trial motions are DENIED in their

2

entireties.  SO ORDERED this 4th day of January, 2007.

3

4

5

   John C. Coughenour
   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER – 7